|  |  |
|---|---|
| CENTER FOR PUBLIC INTEGRITY<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>COMMERCE, *et al.*,<br><br>        Defendants. | No. 17-cv-2426 (EGS) |

## MEMORANDUM OPINION

In 2017, the President nominated Wilbur L. Ross, Jr., as the Secretary of Commerce and Todd M. Ricketts as the Deputy Secretary of Commerce. Seeking certain records concerning both nominees, Plaintiff Center for Public Integrity ("CPI") submitted separate requests to the United States Department of Commerce ("DOC") and the United States Office of Government Ethics ("OGE")—an independent agency within the Executive Branch. CPI's request to DOC sought communications between then-nominee Secretary Ross and DOC's Ethics Law and Programs Division staff from November 2016 through the present. CPI filed two requests with OGE, seeking: (1) records regarding Secretary Ross's financial and ethics disclosures as well as his potential conflicts of interest; and (2) records among OGE employees about Mr. Ricketts, or between OGE employees and Mr. Ricketts.

Unsatisfied with the responses to its requests, CPI filed this action against DOC and OGE (collectively, the "Defendants") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. CPI concedes that Defendants adequately searched for responsive documents and properly applied the claimed exemptions under FOIA. At issue here is whether Defendants released all reasonably segregable information in certain documents withheld in full.

Pending before the Court are the parties' cross-motions for summary judgment. Upon careful consideration of the parties' submissions, the applicable law, and the entire record herein, the Court concludes that Defendants have failed to meet their burden of demonstrating that all reasonably segregable information has been disclosed to CPI. Therefore, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Renewed Motion for Summary Judgment and **GRANTS IN PART, DENIES IN PART,** and **HOLDS IN ABEYANCE** Plaintiff's Cross-Motion for Summary Judgment.

## I.  Background

The following facts—drawn from the parties' submissions—are undisputed, except where indicated. CPI is a non-profit organization devoted to "using the tools of investigative journalism" to "reveal[] abuses of power, corruption and

betrayal of public trust." Compl., ECF No. 1 at 2 ¶ 4.[1] Between

February 2017 and June 2017, CPI employed another tool—FOIA—in

an attempt to unearth certain records concerning Secretary Ross

and Mr. Ricketts.[2] On February 21, 2017, CPI submitted a FOIA

request to DOC, seeking any communications between the Chief of

DOC's Ethics Law and Program Division, David Maggi, or his

staff, and Commerce Secretary nominee Ross or any of his

representatives. *E.g.*, Decl. of David Maggi ("Maggi Decl."), ECF

No. 15-2 at 2 ¶ 5; Pl.'s Cross-Mot. for Summ. J. & Opp'n to

Defs.' Renewed Mot. for Summ. J. ("Pl.'s Mot."), ECF No. 16 at 3

("The likely date range of the records is Nov. 29, 2016 through

the present." (citations omitted)). On March 10, 2017, OGE

received a separate request from CPI, seeking any records

pertaining to Secretary Ross's "financial and ethics disclosures

_____

[1] When citing electronic filings throughout this Opinion, the
Court cites to the ECF page number, not the page number of the
filed document.

[2] The Court takes judicial notice that the President nominated
Mr. Ross and Mr. Ricketts in January 2017 to serve as the
Secretary of Commerce and the Deputy Secretary of Commerce,
respectively. *See* Fed. R. Evid. 201(b); *see also* Press Release,
Nominations Sent to the Senate, White House (Jan. 20, 2017),
https://www.whitehouse.gov/presidential-actions/nominations-
sent-senate/. Mr. Ross was confirmed as the Secretary of
Commerce on February 27, 2017. *Groundfish Forum v. Ross*, 375 F.
Supp. 3d 72, 80 n.7 (D.D.C. 2019). Mr. Ricketts later withdrew
his name from consideration. Rebecca Ballhaus, *Todd Ricketts,
Co-Owner of the Chicago Cubs, Ends Bid for Commerce Post*, Wall
St. J. (Apr. 20, 2017, 4:34 PM),
https://www.wsj.com/articles/todd-ricketts-co-owner-of-the-
chicago-cubs-ends-bid-for-commerce-post-1492638729.

and potential conflicts of interest." Decl. of Rachel K. Dowell ("Dowell Decl."), ECF No. 15-5 at 2-3 ¶ 9.

In early 2017, OGE received FOIA requests for records relating to the financial disclosures and potential conflicts of interest of civilian nominees submitted by the President to the Senate for confirmation. *E.g.*, Defs.' Statement of Material Facts Not in Dispute ("Defs.' SOMF"), ECF No. 15-7 at 2; Pl.'s Counter-Statement of Material Facts ("Pl.'s SOMF"), ECF No. 16-1 at 2. On June 14, 2017, OGE received a request from CPI for any communications between OGE employees regarding Mr. Ricketts, or from OGE employees to Mr. Ricketts or any of his representatives. Pl.'s SOMF, ECF No. 16-1 at 1-2 (citing Dowell Decl., ECF No. 15-5 at 4 ¶ 15).

OGE and DOC subsequently conducted searches of their systems and shared drives. Pl.'s SOMF, ECF No. 16-1 at 2-3, 4. Initially, DOC located 437 responsive documents, but released three responsive documents in June 2017. *Id.* at 5. Dissatisfied with those results, CPI administratively appealed DOC's withholdings in September 2017. Maggi Decl., ECF No. 15-2 at 3 ¶ 9.

On November 9, 2017, CPI brought this action against DOC and OGE, challenging the responses to its FOIA requests. *See* Compl., ECF No. 1 at 3-4 ¶¶ 13-22. In December 2017, OGE released twenty-four pages of responsive documents, subject to

4

redactions under FOIA Exemptions 5 and 6. Dowell Decl., ECF No. 15-5 at 4 ¶ 17. Since certain responsive records were created by DOC employees, OGE "referred [those] responsive records that originated with [DOC] to that Department on December 12, 2017." *Id.* In January 2018, OGE turned over 151 pages, subject to redactions under FOIA Exemptions 3, 4, 5, and 6, and withheld 177 pages in full, subject to the same claimed exemptions.[3] *Id.* at 3 ¶ 12. Subject to redactions under those same FOIA exemptions, OGE released 238 pages in February 2018, withholding 337 pages in full. Dowell Decl., ECF No. 15-5 at 3 ¶ 13. OGE then released sixty pages, invoking the same FOIA exemptions, and withheld in full 539 pages in March 2018. *Id.* at 3 ¶ 14.

DOC conducted a "line-by-line review" of 6,853 pages of documents in April 2018, and 5,800 pages of documents in May 2018. Maggi Decl., ECF No. 15-2 at 3 ¶¶ 11-13. Following that review and CPI's administrative appeal, DOC released 132

---

[3] Exemption 3 allows an agency to withhold or redact information prohibited from disclosure by another statute if the statute "establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). Exemption 4 exempts from disclosure "trade secrets and commercial or financial information obtained from a person that is privileged or confidential." *Id.* § 552(b)(4). Exemption 5 applies to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." *Id.* § 552(b)(5). Exemption 6 covers "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." *Id.* § 552(b)(6).

documents in full and 130 documents in part, withholding sixty-three documents in June 2018. *Id.* at 4 ¶ 14. DOC also released in part 153 documents that included portions authored by both DOC and OGE employees, referring CPI to OGE's release of thirty-eight e-mail chains totaling 154 pages that were not authored by DOC employees. *Id.* Finally, DOC withheld certain documents in full or in part, invoking Exemptions 3, 4, 5, and 6. *See id.* at 4-6 ¶¶ 16-24.

The parties filed cross-motions for summary judgment. *See* Defs.' Renewed Mot. for Summ. J. ("Defs.' Mot."), ECF No. 15 at 1-23; *see also* Pl.'s Mot., ECF No. 16 at 1-6. Defendants argue that they are entitled to summary judgment because there is no genuine dispute of material fact as to whether the agencies: (1) conducted adequate and reasonable searches; (2) produced all non-exempt, responsive documents; and (3) satisfied their obligations to segregate exempt from non-exempt information. Defs.' Mot., ECF No. 15 at 9, 22. Defendants submitted declarations as well as indices of responsive records under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) (the "*Vaughn* indices").[4] *E.g.*, Ex. 1, Dowell Decl., ECF No. 15-6 at 1-164; Ex. 1, Maggi Decl., ECF No. 15-3 at 1-72; Ex. 2, Maggi Decl., ECF

---

[4] "A *Vaughn* index describes the documents withheld or redacted and the FOIA exemptions invoked, and explains why each exemption applies." *Prison Legal News v. Samuels*, 787 F.3d 1142, 1145 n.1 (D.C. Cir. 2015) (citations omitted).

No. 15-4 at 1-4. The *Vaughn* indices list the records released
and those withheld, in whole or in part, under the FOIA
exemptions. CPI neither contests the adequacy of the searches,
nor challenges the applicability of the claimed exemptions.
Pl.'s Mot., ECF No. 16 at 2, 5; *see also* Pl.'s Reply, ECF No. 20
at 1-2. Rather, CPI argues that "Defendants have not released
all reasonably segregable non-exempt information." Pl.'s Mot.,
ECF No. 16 at 2. The briefing is now complete, and the parties'
cross-motions for summary judgment are ripe and ready for the
Court's adjudication.

## II. **Legal Standard**

The "vast majority" of FOIA cases can be resolved on
summary judgment. *Brayton v. Office of the U.S. Trade
Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011). A court may
grant summary judgment only if "there is no genuine dispute as
to any material fact and the movant is entitled to judgment as a
matter of law." Fed. R. Civ. P. 56(a). Likewise, in ruling on
cross-motions for summary judgment, the court shall grant
summary judgment only if one of the moving parties is entitled
to judgment as a matter of law upon material facts that are not
genuinely disputed. *See Citizens for Responsibility & Ethics in
Wash. v. U.S. Dep't of Justice*, 658 F. Supp. 2d 217, 224 (D.D.C.
2009) (citation omitted). Under FOIA, "the underlying facts and
the inferences to be drawn from them are construed in the light

most favorable to the FOIA requester[,]" and summary judgment is appropriate only after "the agency proves that it has fully discharged its [FOIA] obligations . . . ." *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (citations omitted).

When considering a motion for summary judgment under FOIA, the court must conduct a *de novo* review of the record. *See* 5 U.S.C. § 552(a)(4)(B). The court may grant summary judgment based on information provided in an agency's affidavits or declarations when they are "relatively detailed and non-conclusory," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted), and "not controverted by either contrary evidence in the record nor by evidence of agency bad faith," *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are "accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs.*, 926 F.2d 1197 at 1200 (citation omitted).

## III. Analysis

As the summary judgment briefing makes clear, the only issue in dispute is whether Defendants have disclosed all reasonably segregable, non-exempt information that is responsive to CPI's requests. *See, e.g.*, Pl.'s Reply, ECF No. 20 at 1; Defs.' Reply in Support of Defs.' Mot. & Opp'n to Pl.'s Mot.

("Defs.' Opp'n"), ECF No. 18 at 1-2.[5] Defendants urge the Court

to find that they fulfilled their duty to segregate exempt from

non-exempt information. Defs.' Mot., ECF No. 15 at 22. Relying

on OGE and DOC's examination of the records, Defendants contend

that they "determined that all reasonably segregable non-exempt

information was disclosed and that the information withheld

could not be segregated and released." *Id.* (citing Dowell Decl.,

ECF No. 15-5 at 13 ¶ 47; Maggi Decl., ECF No. 15-2 at 6 ¶¶ 25-

27). To support their position, Defendants argue that they

"submitted detailed *Vaughn* indices describing every document

withheld in full." Defs.' Opp'n, ECF No. 18 at 2.

CPI challenges Defendants' segregability decisions, arguing

that "Defendants have provided only conclusory assertions, that

they have reviewed the documents page by page and line by line

---

[5] CPI does not challenge the adequacy of the searches or the
claimed FOIA exemptions. Pl.'s Mot., ECF No. 16 at 2 ("[CPI]
does not contest the adequacy of Defendants' search for
responsive records."); *id.* at 5 ("[CPI] will not contest the
applicability of the FOIA exemptions that Defendants have
claimed."). The Court therefore finds that CPI has conceded
these issues. *See Cavezza v. U.S. Dep't of Justice*, 113 F. Supp.
3d 271, 276 (D.D.C. 2015) (finding that the plaintiff conceded
the issues of the search and claimed exemptions where he neither
contested the adequacy of the search nor "challenge[d] any of
[the] redactions or the claimed exemptions"); *see also Campbell
v. Nat'l R.R. Passenger Corp.*, 311 F. Supp. 3d 281, 327 (D.D.C.
2018) ("Plaintiffs do not offer any response to this argument,
and thus concede it."). Accordingly, the Court **GRANTS**
Defendants' motion for summary judgment with respect to the
adequacy of Defendants' searches and their claimed FOIA
exemptions.

and can release no additional non-exempt information." Pl.'s Mot., ECF No. 16 at 5. CPI states that "Defendants have applied the exemptions too broadly and have not established that they are justified in withholding documents in full." *Id.* CPI points to "segregable non-exempt information contained in several documents that have been withheld in full." Pl.'s Reply, ECF No. 20 at 1. CPI asserts that "there remain several e-mails, memoranda and letters that have been withheld in full," *id.*, but information in those documents is "easily segregable" because Defendants include certain information—dates, names of senders, recipients, and subject-matter descriptions—in their *Vaughn* indices.[6] *Id.* at 1-2.

---

[6] The remaining dispute involves a narrow set of documents withheld in full, which includes letters, e-mails, and memoranda. *See, e.g.*, Defs.' Opp'n, ECF No. 18 at 3 (citing Ex. 1, Maggi Decl., ECF No. 15-3 at 60, 64, 69, 71, 72; Ex. 1, Dowell Decl., ECF No. 15-6 at 30); Pl.'s Reply, ECF No. 20 at 1 n.1. Defendants state that "the vast majority of records withheld in full by Defendants consist[s] of draft documents, such as drafts of an ethics agreement, draft appendices to an ethics agreement, and draft financial disclosure forms." Defs.' Opp'n, ECF No. 18 at 3. Within that set of documents, CPI does not challenge the draft documents withheld in their entirety. Pl.'s Reply, ECF No. 20 at 1 ("Plaintiff accepts that the draft documents at issue here are predecisional and deliberative."); *see also* Defs.' Opp'n, ECF No. 18 at 3 (arguing that "settled law protects the entirety of the drafts from disclosure."). Because CPI does not contest that the draft documents were properly withheld under the claimed FOIA exemptions, the Court **GRANTS** Defendants' motion for summary judgment and **DENIES** CPI's cross-motion for summary judgment with respect to the withholdings that consist of draft documents.

## A. Segregability

The Court has an "affirmative duty" to consider whether Defendants have satisfied their segregability obligations. *Trans-Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir. 1999). Under FOIA, if a record contains some information that is exempt from disclosure, any reasonably segregable information not exempt from disclosure must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions. *Trans-Pac.*, 177 F.3d at 1027. The Court may rely on the agency's descriptions of the withheld records and its declaration that it has released all segregable information to conclude that the agency has fulfilled its obligation to show with "reasonable specificity" why documents cannot be further segregated. *Loving v. U.S. Dep't of Defense*, 550 F.3d 32, 41 (D.C. Cir. 2008) (citation omitted). Nevertheless, an agency must provide "a detailed justification and not just conclusory statements to demonstrate that all reasonably segregable information has been released." *Valfells v. CIA*, 717 F. Supp. 2d 110, 120 (D.D.C. 2010) (citation and internal quotation marks omitted).

"Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," which must be overcome by some "quantum of evidence" from the

FOIA requester. *Sussman v. U.S. Marshals Serv.*, 494 F. 3d 1106, 1117 (D.C. Cir. 2007). Here, CPI argues that Defendants have failed to provide a "factual basis" for this Court to evaluate whether all reasonably segregable information has been produced. Pl.'s Mot., ECF No. 16 at 5. CPI notes that "OGE has withheld at least 1,053 pages in full" and "[DOC] has withheld at least 469 pages in full."[7] *Id.* (citing Dowell Decl., ECF No. 15-5 at 3 ¶ 12-14; Maggi Decl., ECF No. 15-2 at 4 ¶ 14). According to CPI, "[i]t does not seem possible that no non-exempt information can be released from these documents" because the names of senders and recipients, dates, titles, and subject lines are not exempt. *Id.* CPI points out that "[DOC] and OGE have in many cases apparently listed this information in *Vaughn* indexes." *Id.*

To the contrary, Defendants assert that they have reviewed the responsive documents and deemed that all non-exempt and segregable information has been released to CPI. *See* Defs.' Mot., ECF No. 15 at 22 (citing Dowell Decl., ECF No. 15-5 at 13 ¶ 47; Maggi Decl., ECF No. 15-2 at 6 ¶¶ 25-27). Defendants argue that they are entitled to the presumption of compliance with

---

[7] The number of pages withheld in full include the uncontested draft documents. *Compare* Pl.'s Mot., ECF No. 16 at 5, *with* Pl.'s Reply, ECF No. 20 at 1. Because CPI does not contest that the draft documents were properly withheld under the claimed FOIA exemptions, *see* Pl.'s Reply, ECF No. 20 at 1, the estimates in CPI's cross-motion for summary judgment do not accurately reflect the total number of disputed documents.

their segregability obligations because CPI has not offered any evidence to rebut that presumption. Defs.' Opp'n, ECF No. 18 at 2. Defendants take issue with CPI's suggestion that Defendants should have released the names of senders and recipients in e-mails and memoranda, the dates on the documents, and the titles of the documents or subject lines. *Id.* at 2-3. Defendants contend that there is no obligation to release such information because "[CPI] has not made any showing that there was informational value in releasing fragments of information from these records . . . where the content of the communications was withheld." *Id.* at 3. Defendants argue that "[CPI] concedes . . . that Defendants submitted declarations stating that agency personnel reviewed the documents page by page and line by line to determine whether additional information could be segregated and released and determined that it could not." *Id.* at 2.

It is undisputed that the declarations aver that DOC and OGE took a line-by-line and page-by-page approach in reviewing the responsive records. *E.g.*, Dowell Decl., ECF No. 15-5 at 13 ¶ 47 ("With respect to each of the responsive documents, OGE's FOIA staff conducted a page-by-page, line-by-line review."); Maggi Decl., ECF No. 15-2 at 6 ¶ 25 ("[DOC] carefully reviewed each responsive record on a page by page and line by line basis in an attempt to identity reasonably segregable, non-exempt information."). "Regardless of whether a declaration that an

agency conducted a 'line-by-line' search is sufficient to satisfy an agency's obligations in and of itself, a statement representing that a 'line-by-line' search was conducted along with a sufficiently detailed *Vaughn* index and declarations enumerating the reasons why each document was properly withheld is 'sufficient to fulfill the agency's obligation' regarding segregability." *ViroPharma Inc. v. Dep't of Health & Human Servs.*, 839 F. Supp. 2d 184, 195 (D.D.C. 2012) (citations omitted). "[A] blanket declaration that all facts are so intertwined to prevent disclosure under the FOIA does not constitute a sufficient explanation of non-segregability." *Ctr. for Biological Diversity v. EPA*, 279 F. Supp. 3d 121, 152 (D.D.C. 2017) (quoting *Wilderness Soc'y v. U.S. Dep't of Interior*, 344 F. Supp. 2d 1, 19 (D.D.C. 2004)). "Rather, for *each* entry the defendant is required to 'specify in detail which portions of the document are disclosable and which are allegedly exempt.'" *Wilderness Soc'y*, 344 F. Supp. 2d at 19. (quoting *Animal Legal Def. Fund, Inc. v. U.S. Dep't of Air Force*, 44 F. Supp. 2d 295, 302 (D.D.C. 1999) (emphasis in original)).

Having completed a review of the *Vaughn* indices and the declarations submitted in support of Defendants' motion for summary judgment, the Court finds that the presumption that OGE and DOC complied with their segregability obligations is overcome by their failure to provide sufficient justifications

for each document withheld in full. *See Hardy v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 243 F. Supp. 3d 155, 178 (D.D.C. 2017). Defendants have failed to meet their burden of "prov[ing] that no segregable information exists." *Wilderness Soc'y*, 344 F. Supp. 2d at 19. For the reasons articulated below, OGE's *Vaughn* index does not meet the non-segregability test, and DOC's *Vaughn* indices fall short of that test. *See id.* Defendants also do not demonstrate that they properly withheld the non-exempt "header" information in the disputed documents.

### 1.  OGE's *Vaughn* Index Is Deficient

With regard to OGE's *Vaughn* index, the parties point to a letter as an e-mail attachment, dated January 9, 2017, that OGE withheld in full. Defs.' Opp'n, ECF No. 18 at 3 n.1 (citing Ex. 1, Dowell Decl., ECF No. 15-6 at 30); *see also* Pl.'s Reply, ECF No. 20 at 1 n.1. The letter does not fall within the category of uncontested "draft documents" because the *Vaughn* index does not describe it as a draft letter. *Compare* Ex. 1, Dowell Decl., ECF No. 15-6 at 30, *with* Ex. 1, Maggi Decl., ECF No. 15-3 at 69 (withholding in full the "Draft YG Letter" under Exemption 5). The *Vaughn* index states that "[t]his document is a two page PDF letter, which was submitted to OGE and [DOC] by Wilbur Ross as part of the process of drafting his ethics agreement. It contains additional information about financial matters referenced on his draft financial disclosure report." Ex. 1,

Dowell Decl., ECF No. 15-6 at 30. It also states: "[t]he letter is protected under Exemption 4 because it contains confidential financial information that was obtained from Mr. Ross as part of the process of drafting his ethics agreement. This information would not otherwise be available to the public on a financial disclosure report, ethics agreement, or other disclosure." *Id.*

In an across-the-board declaration as to the segregability issue, OGE's declarant attests that the agency "determined that no additional information can be released without jeopardizing information that falls within the scope of one or more FOIA exemptions described above." Dowell Decl., ECF No. 15-5 at 13 ¶ 47. This conclusory statement is insufficient to satisfy OGE's burden with respect to FOIA's segregability requirements. *See Stolt-Nielsen Transp. Grp. Ltd. v. United States*, 534 F.3d 728, 734 (D.C. Cir. 2008) (explaining that an agency's "conclusion on a matter of law is not sufficient support for a court to conclude that the self-serving conclusion is the correct one"); *see also Comptel v. FCC*, 910 F. Supp. 2d 100, 114 (D.D.C. 2012) (finding that an agency's *Vaughn* index and declaration were insufficient where the *Vaughn* index did not indicate that all reasonably segregable information had been released for *each* document and the declaration contained conclusory assertions to justify withholding information). OGE's declaration fails to demonstrate that no segregable, non-exempt information exists

16

within the two-page letter. *See* Ex. 1, Dowell Decl., ECF No. 15-6 at 30. Given that "an agency cannot justify withholding an entire document simply by showing that it contains some exempt material," *Mead Data Cent., Inc. v. U.S. Dep't. of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977), the Court agrees with CPI that it is possible that some of the information contained in the letter and the other documents withheld in full should be released. *See Vaughn*, 484 F.2d at 825 ("[A]n entire document is not exempt merely because an isolated portion need not be disclosed . . . . [T]he agency may not sweep a document under a general allegation of exemption . . . . It is quite possible that part of a document should be kept secret while part should be disclosed.").

As it stands, OGE's *Vaughn* index does not indicate that the non-exempt information is "inextricably intertwined with exempt portions" to justify withholding each document in full. *Mead Data*, 566 F.2d at 260. The Court need not identify every entry in the *Vaughn* index to determine whether it is deficient. *Wilderness Soc'y*, 344 F. Supp. 2d at 19 n.17 ("Such information is clearly either present or not in a document and the defendants can surely locate the deficient entries in the *Vaughn* index without this Court listing each of them."). OGE's declaration and its *Vaughn* index do not provide a sufficient justification and enough details for withholding the documents

in their entirety. *See Gatore v. U.S. Dep't of Homeland Sec.*,
177 F. Supp. 3d 46, 52 (D.D.C. 2016) ("[T]he possibility that
the defendant now simply refuses to release [the documents], as
a whole, regardless of their specific contents, and contrary to
the representation that each responsive document received a
line-by-line review, represents a 'quantum of evidence' that
overrides the presumption in favor of the agency's segregability
determination."). The Court is unable to evaluate whether any
non-exempt portions are inextricably intertwined with exempt
portions. *See Mead Data*, 566 F.2d at 260-61. The Court therefore
finds that OGE has not met the non-segregability test.

## 2. DOC's *Vaughn* Indices Are Deficient

DOC's *Vaughn* indices fail to provide sufficient details in
the descriptions of the factual materials contained in the
documents withheld in full to allow this Court to determine that
DOC has satisfied its segregability obligations. *See Ctr. for
Biological Diversity*, 279 F. Supp. 3d at 152. The parties
identify an e-mail, dated December 26, 2016, as an example of
the disputed documents that DOC withheld in full. *See* Defs.'
Opp'n, ECF No. 18 at 3 (citing Ex. 1, Maggi Decl., ECF No. 15-3
at 60); *see also* Pl.'s Reply, ECF No. 20 at 1 n.1. The *Vaughn*
index describes the e-mail from Theodore Kassinger to David
Maggi as "[c]onference call information" that is withheld in
full under Exemption 4. Ex. 1, Maggi Decl., ECF No. 15-3 at 60.

The *Vaughn* index states that the basis for the assertion of the exemption is that "[t]he withheld records [are] comprise[d] [of] *deliberations* conference call numbers and passcodes." *Id.* (emphasis added). It provides nothing else. *See id.* There is no information in the *Vaughn* index about the "deliberations" contained in the e-mail. *See id.* The *Vaughn* index does not answer the question of whether any exempt portions can be redacted. *See id.*

Similarly, the descriptions in the *Vaughn* index do not provide sufficient information about documents withheld in full that fall outside of the narrow set of "draft documents." *See id.* at 69, 71, 72. The *Vaughn* index fails to identify the authors of some documents and leaves out the number of pages for each document. *See id.* at 69, 71, 72. As such, those entries are deficient. *See Wilderness Soc'y*, 344 F. Supp. 2d at 15 n. 13 (finding that challenged entries in a *Vaughn* index were deficient because, *inter alia*, the entries did not identify the authors); *see also Ctr. for Biological Diversity*, 279 F. Supp. 3d at 144 ("[T]ypically, a comprehensive *Vaughn* index will at least include the following information: "(1) an index identification number [(*i.e.*, a Bates stamp number)]; (2) the document's subject; (3) its date; (4) the author; (5) the recipient; (6) the total number of pages; . . . ([7]) the disposition (that is, whether entirely or partially withheld);

([8]) the reason for being withheld; ([9]) the statutory authority for the withholding; and ([10]) the number of pages containing withheld information." (quoting *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 146–47 (D.C. Cir. 2006)). "Both substantively and structurally, [DOC's] two *Vaughn* indices are patently insufficient." *Id.*

DOC's declaration is equally problematic. In general terms, DOC's declarant avers that "[t]here is no further reasonably segregable information to be released and all segregable information has been released to [CPI]. Further disclosure of these records would adversely affect the candor of future agency deliberations." Maggi Decl., ECF No. 15-2 at 6 ¶ 27. However, "[t]he declarations must afford the plaintiff 'a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding.'" *Wilderness Soc'y*, 344 F. Supp. 2d at 19 (quoting *King v. U.S. Dep't of Justice*, 830 F.2d 210, 218 (D.C. Cir. 1987)). Because DOC's *Vaughn* indices do not give CPI an opportunity to challenge the information withheld in the documents, the Court finds that DOC has failed to demonstrate that the information is not reasonably segregable. "Accordingly, if [DOC] intends to withhold any document, in full or part, and disclaims any segregable information, [DOC] must provide a particularized explanation of non-segregability for *each* document." *Ctr. for*

*Biological Diversity*, 279 F. Supp. 3d at 152 (emphasis in original).

### 3.    Release of the Header Information

"Non-exempt information intertwined with exempt information does not need to be released when doing so would 'produce only incomplete, fragmented, unintelligible sentences composed of isolated, meaningless words.'" *Judicial Watch, Inc. v. U.S. Dep't of Treasury*, 796 F. Supp. 2d 13, 29 (D.D.C. 2011) (quoting *Brown v. U.S. Dep't of Justice*, 734 F. Supp. 2d 99, 111 (D.D.C. 2010)); *see also Mead Data*, 566 F.2d at 261 n.55 ("[A] court may decline to order an agency to commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content.").

As previously stated, the disputed documents, which include e-mails, letters, and memoranda, have been withheld in full. Defendants argue that the agencies have "no obligation" to release "senders, recipients, dates, and subject lines from [the disputed] documents." Defs.' Opp'n, ECF No. 18 at 3. Defendants maintain that there is no requirement to segregate such information because CPI has failed to show that there was "informational value" in disclosing "fragments of information" from those documents. *Id.* CPI disagrees.

CPI argues that the "header information," which consists of

names of senders and recipients, titles, subject-matter
descriptions, is non-exempt information that can be reasonably
segregable with "minimal time and effort" for three primary
reasons. Pl.'s Reply, ECF No. 20 at 2. First, the header
information is non-exempt information that "is distributed in
logically related groupings." *Id.* (quoting *Mead Data*, 566 F.2d
at 261). Next, the header information has more than minimal or
no information content because "the sender's name on an email or
letter communicates the identity of the person writing and
sending it" and the creators of the documents include titles and
subject fields with specific meanings. *Id.* Finally, "[a]gencies
may not substitute their own judgment of what information will be
helpful to the requester, in place of the requirement under FOIA to
provide all meaningful information." *Id.* (citing *Stolt-Nielsen*, 534
F.3d at 734; *Antonelli v. BOP*, 623 F. Supp. 2d 55, 60 (D.D.C.
2009)). The Court agrees.

In *Judicial Watch, Inc. v. United States Department of the
Treasury*, the agency withheld in full a committee's meeting
minutes that consisted of internal deliberations of the
committee. 796 F. Supp. 2d at 28-29. After conducting an *in
camera* inspection of those documents, the court determined that
those portions of the minutes regarding the committee's internal
deliberative process were properly withheld. *Id.* at 29. The
court, however, found that the agency "improperly withheld

reasonably segregable information in the minutes—namely, the headers at the top of each set of minutes that list the date and time of the meeting, the names of the . . . [c]ommittee members present, and the names of observers." *Id.* The court also found that the agency's explanation—that the "*Vaughn* Index indicate[d] that the minutes were withheld in full because 'there is no meaningful, reasonably segregable portion of the document[s] that can be released'"—did not "satisfy the [agency's] burden of proving that the headers at the top of each set of minutes that list[ed] the date and names of attendees [were] not reasonably segregable from the rest of the minutes." *Id.* (citation omitted). The court ordered the agency to release the header information because "[r]elease of [those] headers would not create such indecipherable sentences; the headers [were] at the top of each page and [were] easily separable from the exempt portions of the minutes." *Id.*

The same is true here. Given the narrow set of disputed documents in this case, the Court agrees with CPI that the header information is easily segregable from the exempt portions of the disputed documents. *See id.* Defendants' argument—that releasing the header information would somehow result in fragments with no meaning, *see* Defs.' Opp'n, ECF No. 18 at 3—is inconsistent with D.C. Circuit precedent. *See Stolt-Nielsen*, 534 F.3d at 734 (holding that it is not a justification for an

agency to "argue[] that the redacted documents without names and dates would provide no meaningful information" because "FOIA does not require that information must be helpful to the requestee before the government must disclose it. FOIA mandates disclosure of information, not solely disclosure of helpful information."); *see also Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 926 F. Supp. 2d 311, 316 (D.D.C. 2013) ("The nonexempt (and concededly segregable) information here has meaning, and the agency may not withhold information simply because its 'value to the requestor' may be low." (quoting *Mead Data*, 566 F.2d at 261 n. 55)). Furthermore, Defendants do not argue that segregating the non-exempt, header information from the exempt portions of the documents withheld in full would require DOC and OGE "to commit significant time and resources." *Mead Data*, 566 F.2d at 261 n.55; *see generally* Defs.' Opp'n, ECF No. 18. The Court therefore concludes that Defendants must disclose the header information in the disputed documents—dates, names of senders and recipients, titles, and subject-matter descriptions—that is segregable and non-exempt. Accordingly, the Court **DENIES IN PART** Defendants' motion for summary judgment.

*    *    *

The Court directs Defendants to submit amended *Vaughn* indices and declarations that reevaluate the segregability issue for all non-draft documents that were withheld in full. *See*

*Gatore*, 177 F. Supp. 3d at 53; *cf. Am. Immigration Lawyers Ass'n v. U.S. Dep't of Homeland Sec.*, 852 F. Supp. 2d 66, 82 (D.D.C. 2012) ("Because a district court should not undertake *in camera* review of withheld documents as a substitute for requiring an agency's explanation of its claims exemptions in accordance with *Vaughn*, the Court finds that the best approach is to direct defendants to submit revised *Vaughn* submissions." (citations omitted)). As set forth in *Center for Biological Diversity v. EPA*, this Court prescribes the following format for the amended *Vaughn* indices:

> [A]ny supplemental *Vaughn* index [must] include a separate numbered entry for each document, including for each email (or email chain) and for each email attachment (which shall be separately listed in consecutive order after its associated email): (1) a document number; (2) an index identification number (*i.e.*, a Bates stamp number); (3) the document's subject or title; (4) its date; (5) the author and the author's job title; (6) the recipient and the recipient's job title; (7) the total number of pages; (8) the disposition (whether it is entirely or partially withheld); (9) the reason for being withheld; (10) the statutory authority for the withholding; and (11) the number of pages with redacted, withheld information.

279 F. Supp. 3d at 145 (citing *Judicial Watch v. FDA*, 449 F.3d at 146–47). Accordingly, the Court **HOLDS IN ABEYANCE** CPI's cross-motion for summary judgment with respect to the header information in the portions of the documents withheld in full.

**IV. Conclusion**

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for summary judgment. The Court **GRANTS IN PART, DENIES IN PART**, and **HOLDS IN ABEYANCE** Plaintiff's cross-motion for summary judgment. Within sixty days of the issuance of this Memorandum Opinion, Defendants shall submit amended *Vaughn* indices and declarations. A separate Order accompanies this Memorandum Opinion.

**SO ORDERED**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**August 8, 2019**